UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY | CIVIL ACTION NO. 6:13-cv-00327 |
| VERSUS | JUDGE DOHERTY |
| OIL MOP, LLC AND MAXUM INDUSTRIES, LLC | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  In this case, the plaintiff must bear that burden.

The plaintiff's complaint alleges that this Court has jurisdiction over this matter under Fed. R. Civ. P. 57 and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201.  The undersigned finds, however, that "[t]he Declaratory Judgment Act is not an independent ground for jurisdiction; it permits the award of declaratory relief only when other bases for jurisdiction are present."[2]

---

[1]  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[2]  *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980).  See, also, *M.L. v. Frisco Independent School Dist.*, 451 Fed. App'x 424, 426 (5th Cir. 2011) ("The Declaratory Judgment Act is procedural only and is not an independent basis of jurisdiction in federal courts.).

The complaint also alleges jurisdiction under 28 U.S.C. § 1332, which requires the parties to be diverse in citizenship and amount in controversy to exceed $75,000.00. The undersigned reviewed the pleadings and found that the plaintiff has not established that the amount in controversy exceeds the jurisdictional threshold or that the parties are diverse in citizenship.

When the plaintiff does not seek recovery of a determinate amount in his complaint, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[3] To satisfy that burden, the party must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[4] Here, the plaintiff does not seek a determinate amount of damages in his complaint, and the undersigned concludes that the jurisdictional amount is not otherwise "facially apparent" from the complaint because the facts alleged are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement.

The plaintiff is an insurer seeking a declaration that it owes neither defense nor indemnity with regard to certain underlying lawsuits. When a declaratory judgment

---

[3] *St. Paul Reinsurance*, 134 F.3d at 1253.

[4] *St. Paul Reinsurance*, 134 F.3d at 1253.

case involves the applicability of an insurance policy to a particular occurrence, the amount in controversy is measured by the value of the underlying claim.[5] The complaint provides no facts showing the amount being sought in the underlying litigation. Therefore, the undersigned in unable to determine the amount in controversy in this lawsuit.

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[6] Here, First Mercury established that it is citizen of Illinois and Michigan, the states where it was incorporated and has its principal place of business. But First Mercury did not establish the citizenship of the defendants. First Mercury alleges that defendants Oil Mop, LLC and Maxum Industries, LLC are both Louisiana limited liability companies. A limited liability company is a citizen of every state in which any member of the company is a citizen,[7] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[8] Therefore, the diversity analysis for a limited liability company requires a

---

[5] *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

[6] *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[7] See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[8] *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

determination of the citizenship of every member of the company.[9] If any one of the members is not diverse, the limited liability company is not diverse. Because First Mercury did not identify the members of the defendant companies or provide information concerning the members' citizenship, the undersigned cannot determine whether the parties are diverse in citizenship.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiff shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship and that the amount in controversy exceeds the jurisdictional minimum. These facts should be supported with summary-judgment-type evidence. The defendants will be allowed seven days to respond to the plaintiff's submission.

Signed at Lafayette, Louisiana, this 10th day of May 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[9] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080. See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")