UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY | CIVIL ACTION NO. 6:13-cv-00327 |
| VERSUS | JUDGE DOHERTY |
| OIL MOP, LLC AND MAXUM INDUSTRIES, LLC | MAGISTRATE JUDGE HANNA |

## SECOND
## *SUA SPONTE*
## JURISDICTIONAL  BRIEFING  ORDER

The information provided by the plaintiff (Rec. Doc. 13) in response to the undersigned's prior briefing order (Rec. Doc. 12) is insufficient.

When a declaratory judgment case involves the applicability of an insurance policy to a particular occurrence, the amount in controversy is measured by the value of the underlying claim.[1]  Aside from vague generalities, the plaintiff provided no information concerning the nature or severity of the injuries allegedly sustained by the plaintiffs in the underlying Texas state-court litigation, no information showing the amount being sought in that litigation, and no information evidencing the value of those plaintiffs' claims.  The undersigned remains unable to evaluate the amount in controversy.

---

[1]   *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

The plaintiff also failed to provide the information necessary to determine either defendant company's citizenship.  A limited liability company is a citizen of every state in which any member of the company is a citizen, and if the members are themselves partnerships, LLCs, corporations, or other entities, their citizenship must be alleged in accordance with the rules applicable to that entity and traced through **all** the layers of members or partners.[2]

The plaintiff did not identify Oil Mop, LLC's current members or state their citizenship.  The plaintiff identified the managers of Maxum, LLC but did not identify its members.  The terms "member" and "manager" have different meanings under relevant Louisiana law.[3]  The citizenship of a company's members is important to the jurisdictional calculus, but not that of a company's managers.  Based on the information provided, the undersigned cannot determine whether the parties are diverse in citizenship.

Accordingly,

IT IS ORDERED that, not later than fourteen days after the date of this order, the plaintiff shall file a supplemental memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship and that the amount in

---

[2]    *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009)

[3]    La. R.S. 12:1301(A)(12) - (14).

-2-

controversy exceeds the jurisdictional minimum, supporting the facts with summary-judgment-type evidence.  The defendants will be allowed five days to respond to the plaintiff's submission.

Signed at Lafayette, Louisiana, this 27th day of June 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE